Lane v. The Board of Commissioners of the County of Boone et al.

No. 859.

LANE v. THE BOARD OF COMMISSIONERS OF THE COUNTY
OF BOONE ET AL.

DAMAGES.—*Public Officer.—When Liable in Damages for Official Miscon-*
*duct.—Gravel Road.—Letting Contract.—Rejecting Bid.—Board of*
*Commissioners.*—To entitle an individual to recover damages against
a derelict officer, it must be shown that the failure of such officer
was in the performance of some duty which the officer owed such
person specially. So, where a bidder sues the board of commission-
ers and other officers concerned in the letting of a contract for the
construction of a free gravel road, for damages, for failure to award
such contract to him, he being the lowest and best bidder, alleging
fraud, collusion, etc., the plaintiff can not recover in such action,
there being no special duty owing the plaintiff by such officers dis-
tinct from that which they owe the general public.

GRAVEL ROAD.—*Contract for.—Rejection of Lowest and Best Bid.—Rem-*
*edy.—Quære*, what is the proper remedy where the officers charged
with letting a contract for the construction of a gravel road have re-
jected the lowest and best bidder, and awarded the contract to a
higher bidder?

From the Boone Circuit Court.

*G. W. Paul, M. W. Bruner* and *R. W. Harrison,* for
appellant.

*S. M. Ralston* and *M. Keefe,* for appellees.

REINHARD, J.—The appellant sued the appellees for
damages resulting from the failure of appellees to award
the appellant the contract for constructing a gravel road
under section 5095, R. S. 1881, he being the lowest and best
bidder. In the complaint, which was in two paragraphs,
it is sought to hold the county as such, and the commis-
sioners, and the engineer, and superintendent, as indi-
viduals, liable to the plaintiff in damages for. failure in
the performance of official duties. The successful bid-
ders are also made defendants to the action. It is aver-

red that notwithstanding the fact that the appellant was the lowest and best bidder, and had in every respect complied with the preliminary requirements of the statute entitling him to said contract, the commissioners and engineer and superintendent arbitrarily rejected his bid and awarded the contract to the other bidders, at a higher price, and that this was done as the result of favoritism, fraud, and collusion on the part of the appellees with the successful bidders, and in disregard of the law and the lawful rights of the appellant.

Separate demurrers were addressed by the appellees, as individuals, and by the commissioners, in their corporate capacity, to each paragraph of the complaint, and sustained, and judgment was rendered on the demurrers.

In respect to the questions to be considered, there is no essential difference between the two paragraphs of complaint. The controlling question presented is, whether, under the statute cited, the appellees could, in any event, render themselves liable to appellant in damages by refusing to accept his bid.

We think it must be held that the appellees, who were the officials upon whom devolved the duty of letting the contract, owed the appellant no duty except such as they owed him in conjunction with other citizens of the community. Doubtless the appellant had some interest in the performance of the duty devolving upon the officers, and that, in a sense, he has sustained some injury from their failure to perform such duty, but this interest and this injury were but indirect and remote, and not such as give him a personal right of action for damages for failure to perform. Possibly the officers whose duty it was to let the contract might have been enjoined from awarding it to the other bidders, or they might have been compelled, by mandate in the proper court, to award

the contract to the appellant. Such a proceeding, however, could have been instituted only by some property-owner affected by the assessments. The statute cited was not enacted for the benefit of bidders, but for the protection of the property-owners affected by the improvement, and, possibly, also, for the benefit of the general public. It is quite true that if the appellant had complied with the legal requirements of giving bond, etc., and if his bid was the lowest and best, it became the imperative duty of the commissioners and superintendent to make the contract with him, in preference to other bidders. It is not a question of discretion here, as contended by the appellees. While the statute gives the commissioners the right to let the contract, in sections of one-half mile, etc., in such manner as they may deem expedient, and while they necessarily have a large discretion in the matter of letting the contract and in determining who really is the best bidder, they have no right to act corruptly or from motives of personal favoritism on the one hand and ill will on the other. Doubtless, a corrupt and fraudulent transaction of the character described in the complaint, if true, as admitted by the demurrer, and for the purposes of the demurrer only, may be declared void upon the application of the proper party, and, possibly, the officials guilty of such malfeasance might be subjected to a criminal prosecution; but whether a party is entitled to recover damages from such delinquent officials depends not alone upon the question of their being guilty of a violation of duty, but also upon their owing a duty specially to the party who sues. To entitle an individual to recover damages against the derelict officer, it must be shown that the failure of such officer was in the performance of some duty which the officer owed such person specially. *State, ex rel.*, v. *Harris*, 89 Ind. 363; Elliott's Roads and Streets, 502, *et*

*seq.;* Cooley on Torts, 379; *Harrington* v. *Ward*, 9 Mass. *251; *Learock* v. *Putnam*, 111 Mass. 499; *Griffin* v. *Rising*, 11 Met. (Mass.) 339; *Young* v. *Commissioners*, 2 N. & M. (S. C.) 696; Mechem on Public Offices and Officers, section 597, *et seq.*

In the case first above cited, ELLIOTT, J., collects the authorities and fully discusses the subject in hand, disapproving *Raynsford* v. *Phelps*, 43 Mich. 342, an authority relied upon by the appellant in the case at bar, but which seems to be based on the conclusion that by the particular statute there under consideration the officer owed the plaintiff a special duty. It must be admitted, however, that there is respectable authority in support of the appellant's position, that an officer is liable to an individual who has sustained an injury by such officer's malfeasance or neglect, whether the officer owed the individual a special duty or not. See note to *Adsit* v. *Brady*, 4 Hill, 60, 40 Am. Dec. 305; 19 Am. and Eng. Ency. of Law, 484, note.

We believe the weight of authority, however, to be in support of our conclusion, in which we think we are likewise sustained by the ruling of our own Supreme Court.

Other questions raised are subsidiary to, and necessarily merged in, that already discussed and determined.

Judgment affirmed.

Ross, J., was absent.

Filed Oct. 17, 1893.