THE CITY OF CHICAGO

*v.*

C. P. WILDER *et al.*

*Opinion filed February 19, 1900.*

SPECIAL ASSESSMENTS—*estimate cannot be increased after public meeting.* The engineer's estimate of a proposed local improvement, which has been made a part of the resolution of the board of local improvements, cannot be increased by the board, on submitting the proposed ordinance and recommendation to the council, after the public meeting has been held pursuant to notice, at which the resolution of the board was approved; and an ordinance based on such increased estimate is invalid.

APPEAL from the County Court of Cook county; the Hon. M. W. THOMPSON, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellant.

F. S. LENERT, and MASON & NOYES, (GEORGE I. HICKS, and HUFF & COOK, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county refusing to confirm a special assessment levied for the purpose of improving State street from Sixteenth street to Twenty-second street, in the city of Chicago.

It appears from the record that at a meeting of the board of local improvements in the city of Chicago, held October 21, 1898, the public engineer was requested by the board to prepare an estimate of the cost of paving State street from Sixteenth to Twenty-second street. In compliance with the request the city engineer made an estimate of the cost of the improvement, fixing the amount at $50,000, which was submitted to the board. On March 8, 1899, the board adopted the following resolution:

"*Resolved by the board of local improvements of the city of Chicago,* That a local improvement be made in the city of Chicago, State of Illinois, as follows, viz.: That the roadway of State street, from the north line of Sixteenth street to the south line of Twenty-second street, be improved by re-setting the curb-stones, plastering the curb walls, grading and paving with granite blocks on six inches of concrete, the estimate of the cost of such improvement made by the engineer being $50,000, and that Wednesday, the 22d day of March, 1899, at three o'clock P. M., in room 410 city hall, be fixed for the time and place for the public consideration thereof."

Notice of the time and place of meeting was given as required by law, but the public hearing was deferred until May 10, 1899, when it was resolved that State street be paved from Sixteenth street to Twenty-second street, pursuant to prior resolutions adopted by the board of local improvements. Subsequent to this meeting and the

action of the board, it appears that the engineer made another estimate of the cost of the improvement, fixing the amount at $53,500, and the board submitted an ordinance with the latter estimate of the cost to the city council, and an ordinance was passed approving the recommendation and estimate so made.

From the facts as they thus appear in the record, the question is presented whether the board of local improvements has authority, after the public meeting in which the tax-payer has the right to appear and be heard on the necessity of the improvement or the cost thereof as estimated, arbitrarily to increase the amount of the cost of the improvement, and submit such increased cost, with an ordinance, for adoption by the city council. The county court held that the estimate made by the engineer of the board of local improvements, and which accompanies the ordinance, should conform to and be the same as the estimate made to the board of local improvements by the public engineer before the public hearing.

The proceedings involved were instituted under the act of June 14, 1897. (Laws of 1897, p. 102.) Section 5 of the act provides that no ordinance for a local improvement shall be passed unless the same shall first be recommended by the board of local improvements. Section 7 provides that the board shall adopt a resolution describing the proposed improvement, which resolution shall at once be transcribed into the records of the board; that "whenever the proposed improvement will require that private property be taken or damaged, such resolution shall describe the property proposed to be taken for that purpose. Said board shall, by the same resolution, fix a day and hour for the public consideration thereof, which shall not be less than ten days after the adoption of such resolution. Said board shall also cause an estimate of the cost of such improvement (omitting land to be acquired), to be made in writing by the public engineer (if there be one, if not then by the president) over his signature,

which shall be itemized to the satisfaction of said board, and which shall be made a part of the record of such resolution. Notice of the said time and place shall be published by posting in at least four conspicuous places in the vicinity of the proposed improvement, shall contain the substance of the resolution adopted by the board, the estimate of the cost of the proposed improvement." Section 8 provides for a public hearing, pursuant to notices mailed and posted, when "the said board shall meet and hear the representations of any person desiring to be heard on the subject of the necessity for the proposed improvement, the nature thereof, or the cost as estimated. After such hearing, in case any person shall appear to object to the proposed improvement, or any of the elements thereof, said board shall adopt a new resolution, abandoning the said proposed scheme, or modifying the same, or adhering thereto, as they shall consider most desirable; and thereupon, if the said proposed improvement be not abandoned, said board shall cause an ordinance to be prepared therefor, to be submitted to the council or board of trustees (as the case may be)." Section 9 provides that the ordinance, together with the recommendation of the board, shall be presented to the city council. Section 10 provides that there shall be presented to the city council, with the ordinance and recommendation, an estimate of the cost of the improvement.

These sections of the statute, when read and considered together, lead to the conclusion that after the board of local improvements has procured an estimate of the cost of a proposed local improvement from the engineer, which has been made a part of the resolution of the board providing for the improvement, and after the board has given notice of the time and place for a public hearing and the meeting has been held, the board has no right or authority to submit to the city council an enlarged estimate of the cost of the improvement, and an ordinance predicated on such an estimate cannot be sustained. The

notice which the statute requires the board of local improvements to give to the property owner is required to contain the substance of the resolution adopted by the board and the estimate of the cost of the improvement, and on the day fixed for a hearing the property owner has the right to appear and be heard on the necessity of the improvement and the cost as estimated; but if, on the next day after the hearing, the board has the right to change the engineer's estimate and submit to the city council a larger amount, the statute conferring upon the property owner the right to appear and make a contest in regard to the cost of the improvement would be nothing less than a mere delusion. Here the tax-payer may have been willing to be assessed for an improvement which would cost $50,000, and when he was notified that the cost had been estimated by the engineer at that amount he had reason to believe the amount would not be enlarged, and it would be a manifest injustice to him to allow the board of local improvements to increase the amount without notice to the property owner, and we do not think the legislature ever intended that a practice of that character should be resorted to by the board of local improvements. After the meeting of May 10, 1899, was held, at which the board of local improvements adhered to its former resolution to make the improvement, the board was powerless to change the estimate of the cost of the improvement, but the estimate submitted with the ordinance should have conformed in amount to the estimate submitted to the board before the public meeting was held. This was the view taken by the county court, which we think was correct.

The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*