## Spaulding et al. v. Baxter et al.

[No. 3,134.   Filed November 15, 1900.]

Municipal Corporations. — *Sewers.* — *Construction.* — *Declaratory Resolution.*—A resolution declaring the "desirability of, and ordering the construction of a sewer," is a substantial compliance with the statute as to the declaration of necessity, since by ordering the improvement made the council necessarily determines the necessity thereof. *p. 486.*

Same.—*Sewers.*—*Assessments.*—*Complaint.*—A complaint to enforce a sewer assessment lien is not bad as failing to show that the contract for the improvement was let to the best bidder, where it is averred that notice was published calling for bids, and afterwards the bid of a person named was accepted. *p. 486.*

Same.—*Sewers.*—*Resolution.*—*Notice.*—An assessment made for the construction of a sewer is not invalid because of the failure of the council to adopt a resolution of necessity and give notice thereof as provided by §4289 Burns 1894, where notice was given for hearing objections to the final estimates as provided by §4294 Burns 1894. *pp. 486-488.*

Same.—*Sewers.*—*Assessments.*—A resolution for the construction of a sewer provided that the entire cost thereof should be paid from the general fund of the city, and the clerk was ordered to advertise for bids, conditioned that the contractor should accept the obligation of the city in payment for the work. After the completion of the work it was ascertained that the city was indebted beyond the constitutional limit, and to relieve the city from the debt, and give the contractor better security, the city made a new and different estimate, and assessed the cost thereof to the property owners. *Held,* that the assessments were invalid. *pp. 488-493.*

Same.—*Sewers.*—*Assessments.*— *Estoppel.*—Where a sewer was constructed under a resolution providing that the cost thereof should be paid from the general fund of the city, a property owner who was benefited by the improvement and stood by and permitted the work to proceed without objection is not thereby estopped from contesting the validity of an assessment against his property made after the work was completed, accepted, and paid for in the manner provided for in the resolution and contract. *p. 491.*

From the Blackford Circuit Court.   *Reversed.*

*J. A. Hindman,* for appellants.

*J. S. Dailey, Abram Simmons, F. C. Dailey* and *C. W. Kinnan,* for appellees.

ROBINSON, C. J.—Complaint in four paragraphs by appellee Baxter, as assignee of the contractor, to collect a sewer assessment. Demurrer overruled. Answer in denial and second paragraph of special answer. Demurrer to second paragraph sustained. General denial withdrawn and judgment on the pleadings. Errors are assigned upon the rulings on the demurrer to the complaint and answer.

Objection is made to the complaint that it fails to show the council ever adopted any resolution declaring the necessity for the sewer; that it is not shown the contract was let to the best bidder; and that it is not shown any notice was given of the adoption of the resolution for the construction of the sewer. The complaint avers that the council passed and adopted a resolution "declaring the desirability of, and ordering the construction of, a sewer along " (giving the route). The language used in the pleading is sufficient as to the statutory requirements of a declaratory resolution. Declaring the desirability of an improvement substantially complies with the statute. Besides, the council has the exclusive right to judge of the necessity for the improvement, and when it acts, and orders the improvement made, such action necessarily involves a determination of the necessity for the work. See *Pittsburgh, etc., R. Co.* v. *Hays,* 17 Ind. App. 261.

As to the second objection, it is averred that notice was published calling for bids, and afterwards the bid of a person named was accepted. The council has the right to choose between bidders, and in exercising that right we must presume that it "acted in good faith and for the best interests of both the city and the property holders, and exercised its discretionary powers wisely." *Boyd* v. *Murphy,* 127 Ind. 174.

The complaint does not show that any notice of a resolution of necessity was given. The pleading avers that, after the adoption of the resolution declaring the desirability of a sewer, specifications were adopted and the city clerk or-

dered to advertise for bids, which was done; that.the contract was let, the work done; sewer accepted, report of final estimate by city engineer, and notice given to hear and consider objections to this report. §4289 Burns 1894 provides: "Whenever cities or incorporated towns subject to the provisions of this act shall deem it necessary to construct any sewer, * * * * * * the council or board of trustees shall declare by resolution the necessity therefor, and shall state the kind, size, location and designate the terminal points thereof, and notice for ten days of the passage of such resolution shall be given for two weeks in some newspaper of general circulation published in such city or incorporated town, if any there be, and if there be not such paper, then in some such paper printed and published in the county in which such city or incorporated town is located. Said notices shall state the time and place, when and where the property owners along the line of said proposed improvement can make objections to the necessity for the construction.thereof." §4290 Burns 1894 provides for apportioning the cost of the improvement. §4292 gives the common council power to order and make the improvement by a two-thirds vote without any petition. §4293 provides for making the final estimate of the cost of the improvement. §4294 provides for notice and hearing of objections to final estimates. §4296 provides for issuing bonds and makes them a lien on the property assessed.

It has been decided that the resolution of necessity and the resolution ordering the work may be adopted by the council as one resolution. *Barber, etc., Co.* v. *Edgerton,* 125 Ind. 455. The statute above set out requires that notice of the resolution of necessity shall be given, but it has been held that "As to whether a particular improvement is, or is not, necessary must, of necessity, be left to the discretion of the common council of the city where the improvement is to be made. This question, we think, under the statutes in force in this State, may be determined by such council

without notice to the property owner who is to be affected by such improvement." *Barber, etc., Co.* v. *Edgerton, supra; Garvin* v. *Daussman,* 114 Ind. 429; *Bozarth* v. *McGillicuddy,* 19 Ind. App. 26; *Pittsburgh, etc., R. Co.* v. *Hays,* 17 Ind. App. 261; *Hughes* v. *Parker,* 148 Ind. 692; *Lewis* v. *Albertson,* 23 Ind. App. 147.

In *Hughes* v. *Parker, supra,* in answer to the argument that the council never acquired jurisdiction of the subject-matter of the improvement, or of the persons of the property owners assessed therefor, for the reason that no resolution was ever passed, or notice thereof given, as required by §4289 Burns 1894, the court said: "It must be admitted that the proceedings of the council in this matter were irregular. The resolution of necessity should have been adopted and notice thereof given as provided in the statute. But it has been repeatedly held that such resolution and notice are not essential to give jurisdiction to the council, provided only that notice and a hearing are given to the property owners before the making of the final assessments." The complaint shows that notice was given for hearing objections to the final estimates as provided in §4294 Burns 1894, and under the above rulings this was sufficient, without any resolution of necessity and notice thereof. The demurrer to the complaint was properly overruled.

The second paragraph of answer alleges that on August 18, 1896, the common council by resolution ordered the construction of the sewer; that the resolution contained among others the following provision: "And it is further ordered and ordained that in the opinion of the common council of said city it is desirable to pay, and the same is hereby ordered to be paid, the entire cost of building, constructing, and laying the above described sewer, out of the general funds of said city, and the city clerk is hereby ordered to advertise for bids for three consecutive weeks in the Evening Herald of said city for sealed proposals for the construction of said sewer;" that the clerk duly adver-

tised for bids; that no other order, resolution, or advertisement for bids was made or published; that it was provided in the order, resolution, and advertisement for bids, that all bids should be submitted on blanks furnished by the city and required each bidder to propose to accept the obligations of the city in payment for the work; that one Miller submitted a bid and proposed to accept the obligations of the city for the work, and a contract was entered into in which Miller agreed to accept city bonds for the work; that as the work progressed estimates were made, bonds issued, and accepted by Miller; that on September 7, 1897, the civil engineer reported the completion of the work, which report was adopted and the work accepted; that no notice whatever was given of the passing of the resolution for the construction of the sewer and ordering the work to be done, and relying upon the belief that the work was being done wholly at the cost and expense of the city and that the same would be paid out of the general funds of the city as provided for in the resolution, ordinance, and contract, appellants offered no objection thereto, and allowed the same to proceed to completion, without objection, because of such information and belief; that when the resolution was passed, bids advertised for, and the contract let, the debts of the city exceeded two *per centum* of the taxable property; that city orders were selling at a discount of twenty to sixty per cent. which was generally known; that by reason of such excessive indebtedness contractors refused to submit competitive bids for the work, and by reason of the doubt and hazard in collecting pay for the work the contract was let at a price greatly in excess of the value thereof, to wit, $8,000; that had it been known at the time of letting the contract that the cost would be assessed against the property, a contract would have been made for building the sewer as it was built for $9,000; that after the work was completed, accepted, and paid for in the manner provided in the resolution, ordinance, and contract, the city council, on October 12, 1897,

for the purpose of relieving the city from the debt, and to give the contractor better security, pretended to adopt a new and different estimate of the cost of constructing the sewer, and wrongfully and without right assessed the cost of the sewer partly against the property abutting on the sewer, and the remainder against property pretended to be benefited thereby, and upon this pretended assessment this suit is brought; that there never was any resolution or ordinance adopted by the council for the construction of the sewer to be paid for by such assessment; that there was no advertisement for bids, nor was any bid submitted, nor any contract made for the construction of the sewer to be paid for in any other manner than by the city out of the general fund. The demurrer to the answer, in so far as any question is presented for review, admits that the facts pleaded are true. Whether the proof will sustain these allegations is not a matter proper for discussion in arguments and briefs, nor is it a matter with which we have anything to do.

Section 4292 Burns 1894 authorizes a city council, if deemed just and right by it, to pay any part or all of the expenses of an improvement like that in question out of the general revenue of the city. Whether such expenses should be so paid would be within the discretion of the council, just as it is within the council's discretion whether or not the improvement shall be made at all. The theory of the statute is that property along the line of the improvement will be especially benefited, and should pay the expenses, and a resolution ordering that an improvement be made and saying nothing about the manner of deriving the funds to pay the expenses would mean that the expense was to be assessed on the property along the improvement. But the above section is in the nature of an exception, and if the council in the exercise of a sound discretion deem it just and right it may order the expenses paid as therein provided. In the case at bar, for some reason deemed by the council sufficient, it made the choice and proceeded in the matter until the

work was completed upon the expressed purpose that the expense was to be paid out of the general fund. It is no doubt true that if appellants had knowledge of a resolution ordering an improvement, and the resolution said nothing about the manner of payment, they would be held to know that their property was liable to be assessed. But this would not necessarily be true where the resolution expressly provides that the expense is to be paid from the general fund.

Upon the facts as pleaded the doctrine of estoppel does not apply as to the appellants. It is true they saw the work progressing, and made no objection, but the council had said by a resolution that the expense was to be paid out of the general fund. The question of a special assessment against appellants' property was not presented during the progress of the work. Appellants may or may not have known of the city's indebtedness, but this fact was known to the contractor when the contract was made. It is a familiar rule that a person contracting with a municipality must at his peril inquire into the power of the municipality or of its officers to make the contract. Dillon Munic. Corp. (4th ed.) §447; *Clements* v. *Lee,* 114 Ind. 397; *Board, etc.,* v. *Galloway,* 17 Ind. App. 689; *Johnson* v. *Common Council, etc.,* 16 Ind. 227; *Woodruff* v. *Board, etc.,* 10 Ind. App. 179; *State, ex rel.,* v. *Common Council, etc.,* 138 Ind. 455; *Board, etc.,* v. *Fertich,* 18 Ind. App. 1; *Board, etc.,* v. *Allman,* 142 Ind. 573; *Bridge Co.* v. *Board, etc.,* 19 Ind. App. 672.

Appellants knew the improvement was going on, and it became their duty as property owners to inform themselves as to the authority by which the council was making the improvements. *City of Elkhart* v. *Wickwire,* 121 Ind. 331. But when they did seek information from the public records of the council up to and including the completion and acceptance of the work, they were informed that the cost was to be paid out of the general fund of the city, and that it was not to be paid for by special assessments. Under the pro-

visions of the statute it can not be said that it could make no difference to appellants whether they paid their portion through general taxation or special assessment. A property owner might be willing to pay his portion of a general tax to be levied to pay for an improvement, and knowing the improvement was being made he could have no reason to believe he would be specially assessed.

· If the city entered into a contract which it had no power to make, it does not necessarily follow, simply because the work has been done, that after the work is done a material part of the contract may be changed so that it may be made effective. The contractor accepted and acted upon the method originally adopted. The fact that a property owner acquiesced in that particular method by his silence does not warrant the contractor in saying that he did the work on the faith of receiving pay from the property owner. The work was done with knowledge of the fact that it was to be paid from the general fund of the city. The contractor must know whether the city could make such a contract.

If in fact the work had been completed, accepted and paid for in the manner provided in the resolution, ordinance and contract, the city had no power then to make a new estimate of the cost and assess the cost and expense against property owners along the line of the work. The city in the first instance could adopt either of the two methods, but after it had adopted one and carried the work to completion it could not then adopt the other as supplemental to the first. Whether the contract entered into by the city was void because of the city's indebtedness, we need not and do not decide. Conceding that the council had the power to make the improvement and provide for paying the cost, when it had completely exercised this special power the power was exhausted. The council's right to act was by virtue of statutory authority only, and this authority terminated when the work was completed, accepted, and paid for as provided in the resolution and contract. The answer

shows that after the engineer reported the completion of the work and it was accepted and paid for as provided in the resolution and contract, the council made a new and different estimate of the cost and assessed the same against property owners. That a valid assessment might be made against appellants, at least color of jurisdiction. must be shown, but it is evident there was no jurisdiction of appellants acquired.

In *Doctor* v. *Hartman,* 74 Ind. 221, it was held that a board of commissioners could not set aside an order accepting the report of viewers in a highway proceeding and dismiss the petition. In *Board, etc.,* v. *State,* 61 Ind. 75, the right of the board to set aside an order locating a county seat was denied. In *City of Indianapolis* v. *Patterson,* 33 Ind. 157, after an estimate had been made, approved by the council, and ordered paid, the council rescinded its order approving this estimate, and adopted and approved another for a less sum. . The court was equally divided upon the question whether the power of the council over the estimate was exhausted when it had first approved it and directed its payment. See, also, *City of Chicago* v. *Wilder,* 184 Ill. 397, 56 N. E. 395; *Connecticut, etc., Ins. Co.* v. *City of Chicago,* 185 Ill. 148, 56 N. E. 1071; *Alford* v. *City of Dallas* (Tex. Civ. App.), 35 S. W. 816; *City of Covington* v. *Ludlow,* 1 Metc. (Ky.) 295; *City of Madison* v. *Smith,* 83 Ind. 502; *Gavin* v. *Board, etc.,* 104 Ind. 201.

We are not prepared to assent to a relaxation of the rule requiring strict compliance with statutory requirements by a municipality, to the extent shown in this answer. A city may make improvements and provide for paying for the work, not by virtue of any inherent authority in the municipality, but because the legislature has said that it may. Not only has the legislature said a city may act in such matters, but it has said how it shall act, and the prescribed statutory method constitutes the measure of its power. It may be true that some of these statutory provisions are

merely directory, but it must be true that those provisions which are intended to protect the property owner are mandatory. The demurrer to the second paragraph of answer should have been overruled.

· Judgment reversed.