THE CITY OF CHICAGO

*v.*

THOMAS J. WALSH *et al.*

*Opinion filed June 16, 1903.*

1. SPECIAL ASSESSMENTS—*when ordinance is void.* An ordinance predicated upon a recommendation of the board of improvements, increasing the estimate of cost after the public hearing and without any public hearing as to such increase, is void, and the court has no jurisdiction to confirm the assessment.

2. SAME—*city may vacate confirmation judgment if ordinance is void.* A confirmation judgment entered on a void ordinance may be set aside by the court at a subsequent term, on motion of the city, notwithstanding some payment has been made upon the assessment. (*City of Chicago* v. *Nodeck,* 202 Ill. 257, followed.)

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellant.

MASON & NOYES, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the county court of Cook county upon its judgment refusing to confirm a certain special assessment for the pavement of South Jefferson street from the south line of West Twelfth street to a line parallel with and one hundred and thirty-eight feet south of the south line of West Fifteenth street, in the city of Chicago, with a granite pavement, including plastered curb walls and grading. The ordinance in question was passed July 1, 1901, and the petition filed August 10, 1901, for the levy of the special assessment for the improvement. With it was a recommendation of the board of local improvements and the estimate of the civil engineer fixing the cost of the improvement at $26,000. No question was made as to the legality of the ordinance or

the regularity of the procedure under it. All the questions arising in this case are relative to a prior ordinance for a local improvement covering substantially the same territory, and proceedings had thereunder, which are pleaded in bar as *res judicata* of the present proceeding.

Appellant, at the hearing, introduced in evidence the recommendation of the board of local improvements, the estimate of the engineer, the ordinance, and the formal proof necessary to maintain its case, and rested. Appellees interposed a number of objections, but only one of them is relied upon, and it is as follows: "The matters and 'things sought to be determined herein have already been adjudicated by this court, case No. 23,658, wherein judgments of confirmation were entered against the lands of these objectors December 15, 1899, and February 26, 1900, and wherein such proceedings were had that a warrant, No. 24,770, was duly issued upon said judgment and placed in the hands of the city collector, who collected thereon the sum of $9.25; that the order of this court in said case, entered May 9, 1900, purporting to vacate such judgment in said proceeding No. 23,658, is null and void." And in support of that objection they offered a stipulation of facts made between the respective parties, which was, in substance, as follows: That on July 12, 1899, an ordinance was passed for the pavement of substantially the same territory with brick pavement; that on July 18, 1899, a petition for the levy of the assessment based on that ordinance was filed in the county court, case No. 23,-658, the estimated cost of said proposed improvement, as appearing by the petition, being $21,398.98; that on August 29, 1899, the assessment roll, charging the entire cost to the property benefited, was filed, and was confirmed on December 15, 1899, except as to objectors, and as to objectors was confirmed February 26, 1900; that appellee Walsh was one of the objectors; that on May 4, 1900, a warrant for the collection of said assessment was duly certified to the city collector and notice thereof

published in a newspaper, according to the provisions of section 63 of the act of 1897; that May 5, 1900, an ordinance repealing said improvement ordinance was introduced in the city council and notice thereof immediately given to the city collector, who thereupon marked upon his warrant the words "will be repealed," and he did not give the further notice by mailing, as required by section 64 of the act of 1897; that on May 9, 1900, a property owner not a party to the present case paid said collector on said warrant the sum of $9.25, and that at the time of said payment said property owner was notified that said improvement ordinance would be repealed, but said property owner paid his assessment; that on May 14, 1900, the improvement ordinance was repealed, and on June 9, 1900, an order was entered in the county court in case No. 23,658 purporting to vacate the judgments of confirmation of said assessment; that the public hearing for said improvement,—that is, the paving under the first ordinance with brick,—was set for February 5, 1898, and the estimate of the engineer of the cost of said improvement, made to the board of local improvements, was $18,000; that said estimate of $18,000, together with the recommendation of the board of local improvements, was transmitted to the city council on May 23, 1898, and on May 29, 1898, the city council referred the ordinance presented with the recommendation back to the board of local improvements, with instruction to such board to prepare and send to the council a new ordinance; that a new ordinance was prepared by the board and transmitted to the city council on June 12, 1899, with a recommendation and an estimate of the cost of the improvement, then fixed at $21,398.98, and the ordinance on that day was passed. There was no public hearing on the increased estimate or no hearing after the original one of February 5, 1898, when the estimate, as then shown and incorporated in the resolution of the board of local improvements, was $18,000. On April 18, 1900, a contract

was awarded for the brick pavement, but the contractor refused to sign the contract because of defects which he pointed out: First, an error in publication; second, on account of the increased estimate without a public hearing. Upon this matter being brought to the attention of the council, that ordinance was repealed and the ordinance now in question was afterwards passed.

The question of law presented by the petition of the appellees is, was the judgment under the first ordinance *res judicata* of the assessment under the ordinance in the proceeding at bar? After the public hearing, under the first ordinance, for the brick pavement, it was incompetent for the board of local improvements to change the estimate or increase the estimate of the cost of the improvement, and the ordinance that was passed with the increased estimate of more than $3000, predicated upon a recommendation of the board of local improvements, without a hearing as to such increase, was void. (*City of Chicago* v. *Wilder*, 184 Ill. 397; *Clarke* v. *City of Chicago*, 185 id. 354; *Bass* v. *City of Chicago*, 195 id. 109.) In all those cases we held that an ordinance for a public improvement where an estimated cost of the improvement was increased after the public hearing was void, and we held in *Clarke* v. *City of Chicago*, *supra*, that the preliminary action of the board of local improvements under sections 7 and 8 of the Improvement act of 1897, fixing a time for a public hearing, was essential to the validity of an ordinance for a local improvement, and that without such preliminary action the county court was without jurisdiction to proceed. In the recent case of *City of Chicago* v. *Nodeck*, 202 Ill. 257, we had before us the question of the power of the city to vacate an ordinance and of the power of the county court to vacate judgments of confirmation for special assessments, and there held that while the general rule is that a county court cannot, at a subsequent term, vacate its judgment, there are exceptions to that rule, and that one of these exceptions

is where it did not have jurisdiction to enter the original judgment, and we there held that where judgment had been entered confirming an assessment on an invalid or void ordinance for a local improvement, the court at a subsequent term could vacate its judgment. In that case was also involved the question of the effect of a payment of a portion of the assessment by property holders, as in this case, and we held that fact could not in any degree affect the right of the city council to repeal an ordinance for a public improvement that was void. That case contains an exhaustive consideration and review of the latter two questions here involved, and they need not be further dwelt upon.

The judgment of the county court of Cook county is reversed, and the cause is remanded to that court for such further proceedings as are proper under the statute and in conformity with this opinion.

*Reversed and remanded.*