Gage v. Springer.

## Antoinette Gage v. George W. Springer, et al.

### Gen. No. 11,139.

1. ACTION FOR DAMAGES—*what essential to maintain.* To maintain an action for damages it must appear that the defendant owed to the plaintiff some duty which he has violated or disregarded.

2. PUBLIC OFFICIAL—*when breach of trust by, does not confer right of action upon individual citizen.* Where a contractor fraudulently neglects to construct the improvement provided for by an assessment which has been levied against the plaintiff, but fraudulently constructs another and different improvement, and where the public officials whose duty it is to direct and supervise the work of constructing such improvement fraudulently fail to perform their duty, and fraudulently accept the other and different improvement so constructed by such contractor, the plaintiff in such case has no individual remedy in an action on the case against such contractor and officials.

Action on the case for conspiracy. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 8, 1904.

THOMAS E. D. BRADLEY, for appellant.

SEARS, MEAGHER & WHITNEY, for appellees; NATHANIEL C. SEARS, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The village of Wilmette passed an ordinance for the improvement of certain streets, the cost thereof to be assessed upon the real estate specially benefitted thereby. The assessment for this improvement was confirmed by the County Court of Cook County in March, 1900. Appellant is the owner of a lot included in this proceeding. The amount confirmed against her lot is $400. Thereafter the contract was let to appellee McGrew. The work was to be done and

was done under the supervision of the Board of Local Improvements of the village, which consisted of one Faraday and appellees Springer and Clark. It is alleged that Springer and Clark conspired with McGrew for the construction of an improvement of a different and inferior character from that called for by the ordinance; and that in pursuance of such conspiracy a different and inferior improvement, which cost less than thirty per cent of the assessment levied therefor, was made by McGrew and was accepted by Springer and Clark acting as a majority of said board. Appellant was compelled to pay $200 of this assessment to prevent her lot from being sold under and by virtue of the revenue laws of the state, and such lot is yet encumbered and subject to a lien of $200, as provided in said assessment; and by reason of the wrongful acts of appellees she has been greatly damaged in her estate and property. These acts and doings are fully set forth in the declaration filed herein.

A demurrer interposed by appellees was sustained by the trial court, and a judgment for costs was entered against appellant. From that judgment this appeal was perfected.

The facts charged, if proved, convict Springer and Clark of a gross breach of a public trust, for which they ought to be punished by removal or by indictment. McGrew contracted with the municipal authorities to do certain public work. If, instead of carrying out that contract, he violated it, he is liable to respond in damages to the village. Springer and Clark were officials of the village. They were bound to perform their official duties faithfully. If they failed so to do, the village could bring an action against them. But such dereliction does not necessarily render them liable to a private action for damages.

The basis of every action for damages is a duty which the defendant owes to the plaintiff personally, which duty has been violated or disregarded. Unless this duty be shown or admitted, the action must fail. In order to warrant a recovery, the plaintiff must have a right vested in him. If his interest be remote or contingent, the law will not take cognizance of it. The duty here imposed upon the

contractor was to serve the public faithfully in the making of the improvement; and that of Springer and Clark was a like duty to the public in the inspection and supervision of such work. If appellees were guilty of a breach of duty towards the public, while that might subject them to punishment, it cannot be made the basis of a suit at common law by a private individual for his own benefit, even though he shows that he was injured thereby. This is the language of the text books and of nearly all the decisions relating to the question.

Elliott on Roads and Streets, 503; (1st ed.) says: "Sec. 672. A public officer is only liable to an individual to whom he owes a duty. It is by no means every breach of duty that will enable an individual to maintain an action against an officer. Although the officer may be guilty of a breach of duty subjecting him to a prosecution for a criminal offense, or subjecting him to a civil action by the representatives of the government, he may not be liable to an individual. It by no means follows that because an officer is liable to indictment or to action by the state that he is liable to an individual. The prime elements of a cause of action by a private citizen are the existence of a duty to the citizen and a special injury resulting to him from a breach of that duty. The law was thus stated in a New York case: 'To give a right of action for such a cause, the plaintiff must show that the defendant owed the duty to him personally. Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit.'"

"The plaintiff must show a breach of some duty owing to him, or which was imposed for his benefit. Take the case ·of a policeman who goes to sleep upon his beat, and, in consequence of his neglect of duty to use vigilance to watch the plaintiff's premises, the plaintiff's house is burned down, or it is robbed, neither of which events could have happened had he done his duty. Clearly, the plaintiff has no remedy against the policeman, for the reason that the of-

ficer owed him no duty except as an individual member of
the community. The violated duty was due to the public,
whose servant the officer was, and who alone can call him
to account for his neglect." Shearman & R. on Neg., sec.
316, (4th ed.). In Strong v. Campbell, 11 Barb. (N. Y.) 135,
it is held that no action will lie in behalf of the publishers
of a newspaper against the postmaster for a breach of duty
in refusing to receive the proofs offered by them in regard
to the circulation of their paper, and in refusing to give
them the publishing of the list of letters remaining in the
post office, in accordance with law, whereby they lost the
employment and the profits arising therefrom, for the rea-
son that the postmaster owed them no personal duty.

The duties of a supervisor of public roads are of a general
public nature, and he acts for the public at large. It fol-
lows therefrom that no common law action in favor of an
individual for injury resulting to his property by reason of
a defect in a public road, will lie against such officer. Mc-
Connell v. Dewey, 5 Neb. 385. See also, Moss v. Cum-
mings, 44 Mich. 359; Lane v. Commissioners, 7 Ind. App.
625; Benjamin v. Wheeler, 8 Gray, 409; Mechem's Public
Officers, sec. 597 et seq.; Cooley on Torts, star pp. 379, 382.

Holding as we do that appellant has no right of action as
set out in the declaration filed herein, we affirm the judg-
ment of the Circuit Court.

*Affirmed.*