## WALB *v.* SMITH ET AL.

[No. 11,510. Filed January 25, 1923. Rehearing denied May 2, 1923. Transfer denied June 29, 1923.]

1. DRAINS.—*Construction.*—*Contracts.*—*Validity.*—*Corruption.*—*Powers of Commissioners.*—*Statutes.*—Section 6144 Burns 1914, Acts 1907 p. 508, vest large discretionary powers in the drainage commissioner in letting contracts for drainage, and the supervision of the construction thereof, but he is under the control and directions of the court, as expressly provided by statute (§6147 Burns 1914, Acts 1907 p. 508), and on application of proper parties the court may declare void any contract

entered into corruptly or from motives of personal favoritism or ill will.  p. 326.

2.  DRAINS.—*Construction.—Contracts.—Validity.—Corruption.—Parties.*—The real estate owners charged with the expense of the drainage construction are the proper parties to make application to have a contract declared void, as corruptly entered into.  p. 326.

3.  DRAINS.—*Construction.—Contracts.—Validity.—Corruption.—Pleadings.—Jurisdiction of Court.*—A petition to declare void a contract for drainage construction on the ground that the contract was corruptly let, is properly filed in the court having jurisdiction of the original proceedings and filed as a part of the proceedings.  p. 326.

4.  DRAINS.—*Construction.—Contracts.—Validity.—Corruption.—Evidence.—Admissibility.*—In an action to set aside a contract for a drainage construction, the fact that there was a difference of more than $11,000 between the bid accepted by the drainage commissioner and the lowest bid is properly considered by the court with the other evidence as tending to show the contract was corruptly let.  p. 327.

5.  DRAINS.— *Construction.— Contracts. — Corruption. — Setting Aside.—Inherent Powers of Courts.*—Where the drainage commissioner has corruptly entered into a contract for a drainage construction, the court in the exercise of its inherent equitable powers is justified in setting aside the contract as void.  p. 327.

6.  CONSTITUTIONAL LAW.—*Vested Rights.—Void Contracts.*—A party to a void contract cannot complain that it is an interference with his vested rights in setting the contract aside, since there are no vested rights in a void contract.  p. 327.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Lewis F. Smith and others against Clyde A. Walb.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Colerick & Hogan,* for appellant.
*D. F. Brooks,* for appellee.

NICHOLS, C. J.—This action was in the nature of a petition to set aside a contract for the construction of a drain which had been awarded to appellant by the drainage commissioners, the petition being filed by appellees other than A. H. Fry.

It is averred in the petition in substance that appellees, other than Fry, were each the owners of land assessed for the construction of a drain, and that they filed a petition on behalf of themselves and other persons assessed for such construction; that appellee Fry was appointed the commissioner of construction by the court and duly qualified; that he advertised for bids for the construction of the drain to be received June 29, 1921, upon which date he received, among other bids, one by Henry W. Nelson in the sum of $64,848, and one by appellant in the sum of $76,640; that said Nelson accompanied his bid with a certified check for 10% of the amount of his bid, but that said Fry contrary to his duties as commissioner entered into a contract with appellant for said sum of $76,640, which was $11,742 in excess of the lowest and best bid; that the only reason assigned by such commissioner of construction for letting said contract to appellant was that the certified check of said Nelson was not in compliance with the advertisement for bids for the reason that it was a check of one Fast; that said check was payable to Fry as required by the notice for bids and was in effect the check of the Farmers Trust Company of Huntington, Indiana, and not the check of said Fast, who was president of said trust company, in that it had been certified by said bank; that said Nelson was amply able to and competent to perform such work which fact was well known to said Fry when he was letting the contract to appellant; that said Nelson was ready on June 29, 1921, and has been ever since that time to enter into a contract for the said construction and to execute any bond required by said Fry which fact was known to said Fry when he entered into the contract with appellant. There was a prayer that notice be given to said Fry and to appellant to appear and show cause why appellant's contract should not be set

aside, and that the same be set aside, and said Fry mandated to enter into a contract with said Nelson in the amount of his bid.

Thereafter appellees, other than Fry, filed a second paragraph of petition, which, in addition to the facts set out in the first paragraph, alleged in substance that said Fry violated his trust as such commissioner, both as to the court and as to the persons charged with the expense of construction, in that he reported that he had entered into a contract with appellant for the reason that he was the lowest bidder, when in fact he was not such, but for the purpose of defrauding petitioners and others charged with the expense of construction, he made such report instead of reporting the true facts as to what bids he had received, and that since the filing of the first paragraph of petition said Fry had joined with appellant in filing a joint answer to the petition challenging the jurisdiction of the court to hear the same; and that on said June 29, 1921, and ever since said Fry and appellant had been in collusion which resulted in defrauding petitioners and others interested out of $11,000, and that he should be removed as such commissioner, and one should be appointed who would recognize the right of the court to supervise his action. That by reason of the actions of said Fry his contract with appellant was wholly void and ought to be set aside and appellee Fry should be removed as commissioner. There was a prayer to that effect.

A demurrer to the petition was overruled. Appellant filed answer in denial. There was a trial and judgment in favor of appellees, that the contract be set aside upon condition that petitioners file within five days a bid 10% lower than the contract price of appellant after deducting from the contract price the value of the work already performed under such contract to be determined by the superintendent of

construction filing an itemized estimate of the work already done; that petitioners file or cause to be filed a sufficient bond to perform the work upon the same conditions and stipulations as in contract with appellant, and further conditioned that the superintendent should have the right to receive or reject the bid at the time of reletting the contract, that after receiving such bid and bond the drainage commissioner should immediately advertise for bids. So much of the petition as prayed for the removal of the commissioner of construction was overruled. Pursuant to the order of the court the drainage commissioner filed his verified estimate of the work done fixing the value thereof at $29,214.60. Said Henry W. Nelson filed a bid for $42,000 with a certified check for $4,200, and thereupon the court ordered the commissioner of construction to relet the work as to the uncompleted part thereof. After motion for a new trial was overruled appellant prosecutes this appeal, assigning as error the court's action in overruling his demurrer to the petition, and in overruling his motion for a new trial. The questions presented by these assignments of error are substantially the same.

Appellant contends that the superintendent of construction or commissioner charged with the execution of the work in the drainage proceedings has the exclusive and sole power and authority to let the work and contract to the lowest and best bidder as a whole, or in sections letting separate contracts therefor, as will in his best judgment most speedily and economically accomplish its completion, and that he is not required to report his bid, contract, or bond of the contractor or contractors to the court for approval, citing as authority for this contention §6144 Burns 1914, Acts 1907 p. 508.

While it must be conceded that the drainage commis-

sioner acting in good faith, possesses large discretionary powers in letting a contract for drainage and
1.    in his supervision of the construction under such contract, yet it is expressly provided in §6147 Burns 1914, Acts 1907 p. 508, that he shall at all times be under the control and direction of the court, and shall obey such directions, that for failure so to do shall forfeit his compensation and be dealt with summarily for contempt, and may also be removed from office by the court, that the court may direct another one of the commissioners to proceed with the construction, and may at any time discharge therefrom the commissioner appointed thereto. Appellant says that it is not within the province of a court of law in a drainage proceeding to set aside a duly executed and valid contract, citing to support his proposition, *Lane* v. *Board, etc.* (1893), 7 Ind. App. 625, 35 N. E. 28. We quote from that authority on p. 627, as follows: "While the statute gives the commissioners the right to let the contract, * * * in such manner as they may deem expedient, and while they necessarily have a large discretion in the matter of letting the contract and in determining who is the best bidder, they have no right to act corruptly or from motives of personal favoritism on the one hand and ill will on the other. Doubtless a corrupt and fraudulent transaction of the character described in the complaint, if true, as admitted by the demurrer, and for the purpose of the demurrer only, may be declared void upon the application of the proper party, and, possibly, the officers guilty of such malfeasance might be subjected to a criminal prosecution."

It need hardly be said that the proper parties to make such an application as is mentioned in the above quotation would be one or more of those real estate
2, 3.   owners charged with the expense of the construction of the drainage.

It is contended that the contract duly entered into by the superintendent of construction in a drainage proceeding can only be set aside by the superintendent or court in which the proceeding is pending, *as a part of that proceeding*, in the event that the contractor fails to comply with the terms of the contract or it becomes manifest that he will be unable to complete the same, or to complete it within the time required by his contract. It is said in appellant's brief that the petition in this case was filed in the Allen Superior Court, being the court which had jurisdiction of the original drainage proceedings and was filed in said proceedings. The petition then was properly filed.

We do not need to determine the question whether had the contract been duly entered into any other relief against the same could have been granted than 4. that which appellant concedes. As averred in the petition, and as appears by the evidence, there is a glaring difference between the amount of appellant's bid and Nelson's bid. It may be that the fact that Fry accepted other than the lowest bid would not, standing alone, create a presumption of bad faith. *Boyd* v. *Murphy* (1890), 127 Ind. 174, 25 N. E. 702, 26 N. E. 688; *Spaulding* v. *Baxter* (1900), 25 Ind. App. 485, 58 N. E. 551, but certainly a difference of more than $11,000 between the two bids together with the fact as appears by the evidence that Fry was without any reasonable excuse for not accepting the lower bid instead of appellant's, might well be considered by the court along with the other evidence in reaching its conclusion that the charges in the petition were true.

Having reached such conclusion, the court in the exercise of its inherent equitable powers, was fully justified in setting the contract aside as void, and 5, 6. of this action of the court appellant may not complain, on the ground that it is an interference

with his vested rights, for there can be no vested rights in a void contract. The court in its conditional judgment, which we do not approve but which is unchallenged except as to its right to set the contract aside, has provided compensation to appellant for work performed up to the time of the judgment. Certainly he may not complain of this treatment.

Appellees were not guilty of laches because of the twenty-one days intervening between the time of letting the contract, and filing their petition.

Judgment affirmed.