M. A. STEPHEN CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND SARK KAVOOKJIAN, PLAINTIFFS, v. BOROUGH OF RUMSON, A MUNICIPAL CORPORATION OF THE COUNTY OF MONMOUTH, STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 17, 1972.

*Mr. Frank A. Palmieri* for plaintiffs.

*Mr. William R. Blair, Jr.,* for defendant (*Messrs. Parsons, Canzona, Blair & Warren,* attorneys).

LANE, J. S. C. This matter is before the court on defendant's motion for an order "striking from the Pretrial Order * * * the issue of damages and striking from the Complaint, as amended by the Pretrial Order, that portion thereof alleging and claiming damages," on the ground that plaintiff M. A. Stephen Construction Co., Inc. is not entitled to damages as a matter of law.

M. A. Stephen Construction Co., Inc. submitted to defendant a low bid for a contract for sewer installation. Pursuant to a reservation, defendant rejected all bids.

The history of the case and the facts are adequately set forth in the opinion of the Appellate Division in *M. A. Stephen Construction Co. v. Rumson,* 117 *N. J. Super.* 431 (App. Div. 1971). A summary judgment that had been granted to defendant was reversed, and the matter remanded to this court.

> Stephen Co. sharply controverted all statements and innuendoes that reflected adversely on its responsibility as the successful low bidder. We are satisfied that there were genuine issues of fact to be resolved by the trial court, that the case was not ripe for a summary judgment, and that the matter should have proceeded to a plenary hearing. [at 439]

The opinion of the Appellate Division concluded:

> * * * We do not pass upon what legal remedies, if any, might be available to plaintiffs or either of them in the event, after a full hearing, it should be determined that the municipality acted wrongfully. Compare *Cardell, Inc. v. Woodbridge Tp., supra,* with 10

McQuillin, *Municipal Corporations* (3d ed. 1966 revision), § 29.86. [at 439]

Defendant argues that as a matter of law plaintiff contractor is not entitled to damages regardless of whether the rejection was invalid.

 It is generaly recognized that competitive bidding on public contracts is a stable principle of public policy. *M. A. Stephen Construction Co. v. Rumson, supra,* 117 *N. J. Super.* at 436. The purpose of competitive bidding is to secure competition and guard against favoritism, improvidence, extravagance and corruption. *Trap Rock Industries, Inc. v. Kohl,* 59 *N. J.* 471, 479 (1971) ; *Home Owners Construction Co. v. Glen Rock,* 34 *N. J.* 305, 315 (1961) ; *Hillside Tp. v. Sternin,* 25 *N. J.* 317, 322 (1957) ; *Closter Serv. Stations Inc. v. Ridgefield Pk. Com'rs,* 99 *N. J. Super.* 69, 73 (App. Div. 1968) ; 10 *McQuillin, Municipal Corporations* (3d ed. rev'd 1966), § 29.29 at 321. Statutes requiring competitive bidding are for the benefit of taxpayers, not for the benefit or enrichment of the bidders. Such statutes are construed with sole reference to the public good. *Trap Rock Industries, Inc. v. Kohl, supra,* 59 *N. J.* at 479; *Skakel v. North Bergen,* 37 *N. J.* 369, 378 (1962) ; *Hillside Tp. v. Sternin, supra,* 25 *N. J.* at 322 ; *M. A. Stephen Construction Co. v. Rumson, supra,* 117 *N. J. Super.* at 436 ; 10 *McQuillin, Municipal Corporations, supra,* at 322. But see, *Paterson Contracting Co. v. Hackensack,* 99 *N. J. L.* 260, 264 (E. & A. 1923) ; *Sellitto v. Cedar Grove,* 132 *N. J. L.* 29, 33 (Sup. Ct. 1944).

 The public interest is served by permitting suits to enforce the policy of competitive bidding. A low bidder is entitled to be heard by the public authority before his bid is rejected; and if his bid is rejected, to sue. *Trap Rock Industries, Inc. v. Kohl, supra,* 59 *N. J.* at 479; *Commercial Clean. Corp. v. Sullivan,* 47 *N. J.* 539, 550 (1966) ; *Arthur Venneri Co. v. Paterson Housing Authority,* 29 *N. J.* 392, 402 (1959) ; *J. Turco Paving Contractor, Inc. v. City Coun-*

*cil of Orange,* 89 *N. J. Super.* 93, 99 (App. Div. 1965). A rejected low bidder has "an interest of some character which will support a claim to be heard." *Trap Rock Industries, Inc. v. Kohl, supra,* 59 *N. J.* at 480. The interest is conferred on him to the end that the public will obtain all that is due it in the process of procuring public contracts rather than for the bidder's individual aggrandizement. See *Arthur Venneri Co. v. Paterson Housing Authority, supra,* 29 *N. J.* at 402–403.

The general rule is that an improper award of a public contract to one other than the low bidder does not entitle the low bidder to a recovery of damages from the public body. *Molloy v. City of New Rochelle,* 198 *N. Y.* 402, 92 *N. E.* 94, 96 (Ct. App. 1910); *Lane v. Board of Com'rs of Boone County,* 7 *Ind. App.* 625, 35 *N. E.* 28 (App. Ct. 1893); 10 *McQuillin, Municipal Corporations, supra,* § 29.86 at 452; 43 *Am. Jur., Public Works and Contracts,* § 65 at 808 (1942); 63 *C. J. S. Municipal Corporations* § 1157 at 834 (1950). *Cf. Commercial Clean. Corp. v. Sullivan, supra,* 47 *N. J.* at 546; *Somers Construction Co. v. Board of Education,* 198 *F. Supp.* 732, 737 (D. N. J. 1962); *William A. Berbusse, Jr., Inc. v. North Broward Hosp. D.,* 117 *So.* 2d 550, 552 (Fla. D. Ct. App. 1960); *Day v. City of Beatrice,* 169 *Neb.* 858, 101 *N. W.* 2d 481, 488 (Sup. Ct. 1960). Where there is no statute requiring that the award be made to the low bidder, damages have been denied on the ground that a bid does not give to the bidder any contractual rights. Where there is such a statutory requirement, damages have been disallowed on the grounds that such statutes are enacted for the benefit of the public, and that to allow a bidder to recover damages would aggravate the injury to the public. Such statutes benefit a bidder only incidentally.

Plaintiff relies primarily on *Cardell, Inc. v. Woodbridge Tp.,* 115 *N. J. Super.* 442 (App. Div. 1971). In that case plaintiff, the low bidder, contested the validity of defendant's actions in connection with various bids on public contracts. The trial court held that plaintiff's bids had been

wrongfully rejected and awarded damages estimated to be the difference between the contract price and the cost of performance. Defendant appealed on the grounds that it was entitled to reject all bids; that the trial court erroneously omitted general costs of overhead in computing plaintiff's construction costs; that plaintiff's recovery was limited to the difference between its bid and the bid of the contractor to which the award was eventually made. Plaintiff cross-appealed arguing that the trial court's estimation of damages was against the weight of the evidence. The Appellate Division affirmed the trial court's award of damages. The pretrial order and the briefs and appendices before the Appellate Division have been examined. No issue was raised in that case as to the municipality's liability for damages. It was assumed by the parties that there would be liability if the rejection of plaintiff's bid was not justified. That case should not be considered authority that a low bidder whose bid has been wrongfully rejected may recover damages from the public body and thereby aggravate the loss to the taxpayers.

In *Commercial Clean. Corp. v. Sullivan, supra,* dealing with an action by a low bidder on a public contract solicited by the Director of Treasury, Justice Francis said:

It should be noted that appellant quite properly makes no claim for damages based upon the alleged improper failure to award it the contract. Submission of the lowest bid in answer to an advertisement for bids by the State for public work cannot be the basis of a claim for damages based upon the failure or refusal to accept such bid. *Cf. Somers Construction Co. v. Board of Education,* 198 *F. Supp.* 732 (D. N. J. 1962) ; *Malan Const. Corp. v. Board of County Road Com'rs,* 187 *F. Supp.* 937 (E. D. Mich. 1960) ; *Day v. City of Beatrice,* 169 *Neb.* 858, 101 *N. W.* 2d 481, 488 (Sup. Ct. 1960) ; *Allen v. Eberling,* 24 *App. Div.* 2d 594, 262 *N. Y. S.* 2d 121 (App. Div. 1965) ; 43 *Am. Jur., Public Works and Contracts,* § 65 (1942) ; 10 *McQuillin, Municipal Corporations,* § 29.86 (3d ed. 1950) [47 *N. J.* at 546–547]

Plaintiff M. A. Stephen Construction Co., Inc. has no basis for a claim for damages. Defendant's motion to strike

will be granted. The matter has been set down for the plenary hearing on May 22, 1972, as ordered by the Appellate Division.